IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| P. MICHAEL COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0192-WS-M |
| | ) |
| UNUM GROUP CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 6). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 6, 10, 14), and the motion is ripe for resolution.

The complaint consists of single count for breach of contract (failure to pay on a disability policy). Although the parties are of diverse citizenship, the complaint seeks damages of barely $30,000, too little to satisfy the jurisdictional threshold under 28 U.S.C. § 1332. Undeterred, the defendant claims subject matter jurisdiction based on federal question under 28 U.S.C. § 1331, specifically, ERISA super-preemption. (Doc. 1 at 2, 4).

"Here's the rule: ERISA superpreemption exists only when the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (internal quotes omitted). "[R]elief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. [citations omitted] Second, the plaintiff must have standing to sue under that plan. [citations omitted] Third, the defendant must be an ERISA entity. [citations omitted] Finally, the complaint must seek compensatory relief akin to that available under § 1132 (a) …." *Id*.

As to the first *Butero* element, "[t]he defendants must show five things to establish that an ERISA plan governs its relationship with Plaintiff: (1) a plan, fund, or program (2) [that has been] established or maintained (3) by an employer … (4) for the purpose of providing … disability … benefits (5) to participants or their beneficiaries." *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1269 (11th Cir. 2006) (internal quotes omitted).  The defendant acknowledges it must satisfy this test.  (Doc. 1 at 5; Doc. 10 at 1).

The defendant says a plan was "established or maintained … by an employer" because (1) "the employer negotiated an agreement under which its employees would have access to multiple insurance products and be eligible for a group discount on their premiums; and (2) the employer paid 100% of the disability insurance premiums pursuant to a list bill issued to the employer continuously for at least twenty years."  (Doc. 1 at 6).  The Court does not find the defendant's evidence and argument sufficient to support these propositions.

As for the former assertion, the defendant offers no evidence of employer "negotiation."  While the defendant may have offered the plaintiff an individual policy at a premium discount because it was also offering a handful of other employees individual policies, the defendant has not explained how that proves the employer established or maintained the plan as opposed to the defendant simply making a business or actuarial calculation.  As for the latter, while the employer did remit payment to the defendant, it is uncontroverted that the payments were a portion of his salary, on which he was taxed, and the defendant has not explained how such a circumstance demonstrates the employer established or maintained the plan.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."  *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *accord Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).  "[B]ecause removal jurisdiction raises significant federalism concerns, … all doubts about jurisdiction should be resolved in favor of remand to state court."

*City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal quotes omitted).  Because the defendant's evidence and argument leave the existence of subject matter jurisdiction doubtful, the plaintiff's motion to remand is **granted**.  This action is **remanded** to the Circuit Court of Mobile County.

    DONE and ORDERED this 1st day of June, 2015.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE